UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAYTON CANGELOSI | CIVIL ACTION |
| VERSUS | NO. 20-1989 |
| JEFFERSON PARISH PRESIDENT CYNTHIA LEE SHENG | SECTION "R" (3) |

## ORDER AND REASONS

Defendant, Cynthia Lee Sheng moves to dismiss Clayton Cangelosi's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] Plaintiff, proceeding *pro se*, opposes the motion.[2] Because Cangelosi fails to meet his burden to show he has Article III standing, the Court grants the motion.

## I.   BACKGROUND

*Pro se* plaintiff, Clayton Cangelosi, filed suit against Jefferson Parish President, Cynthia Lee Sheng,[3] challenging Proclamation Number 10 CLS 2020,[4] which requires all Parish residents to wear "personal protective

---

[1]   *See* R. Doc. 23.
[2]   *See* R. Doc. 25.
[3]   *See* R. Doc. 1.
[4]   *See* R. Doc. 23-2.

masks or facial coverings while indoors and in any common area"[5] as well as when "[r]iding on public transportation."[6]

The proclamation is not enforceable against individuals like Cangelosi who refuse to wear masks. Rather, it subjects representatives of businesses and property owners to a fine of up to $500.00 and no more than six months in the parish jail if they allow patrons to congregate without masks in the designated areas.[7] In addition, the proclamation exempts certain categories of individuals from the mask requirement: children under the age of two, individuals with medical conditions that make wearing a mask difficult, and those who rely on lip-reading for communication.[8]

In his complaint, Cangelosi makes several allegations that are devoid of factual support, including that the federal government has artificially inflated the number of COVID-19 deaths nationwide,[9] that wearing a mask increases one's chances of contracting COVID-19,[10] and that defendant Sheng is at the epicenter of an unnecessary "fear campaign."[11]

---

[5]   *See id.* at 2.
[6]   *See id.* at 3.
[7]   *See id.* at 2.
[8]   *See id.* at 3.
[9]   R. Doc. 1 at 3 at ¶ 17.
[10]  *See id.* at 4 at ¶ 23.
[11]  *See id.* at 5 ¶ 25.

Cangelosi also alleges that the proclamation violates his rights under the U.S. Constitution. Specifically, he argues that the proclamation violates his right to privacy,[12] his rights to freedom of expression and assembly,[13] his right to travel,[14] and his right to make personal medical decisions.[15] Cangelosi argues that, under 42 U.S.C. § 1983, Sheng is liable for violating his constitutional rights while acting under color of state law.[16]

Cangelosi asks this Court to declare the proclamation unconstitutional.[17] He also asks the Court to enjoin the enforcement of this proclamation, as well as nine others,[18] even though Cangelosi argues against only Proclamation Number 10 CLS 2020 in his complaint. Finally, Cangelosi wants this Court to award him $1,500,000.00 in damages for what he calls "emotional distress" and "humiliation" associated with unknown individuals "ask[ing him] to leave" private businesses and public spaces when he chooses not to wear a mask.[19] He does not allege that the defendant, nor any

---

[12]  *See id.* at 4 ¶¶ 20-24.
[13]  *See id.* at 5 ¶¶ 25-29.
[14]  *See id.* at 5 ¶¶ 30-31.
[15]  *See id.* at 5-6 ¶¶ 32-34.
[16]  *See id.* at 6 ¶¶ 35-36.
[17]  *See id.* at 6 ¶ A.
[18]  *See id.* at 7 ¶ C.
[19]  *See* R. Doc. 16.

3

government entity, has ever attempted to enforce the proclamation against him.

## II. LEGAL STANDARD

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the Court's resolution of disputed facts. *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). The party asserting jurisdiction bears the burden of establishing it. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The Court lacks subject-matter jurisdiction over a case when a plaintiff lacks Article III standing. *Crane v. Johnson*, 783 F.3d 244, 255 (5th Cir. 2015). The issue of standing presents a "threshold jurisdictional question." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). Standing consists of three elements: (1) the plaintiff must have suffered an "injury-in-

fact," which is "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent"; (2) the injury must be "fairly traceable" to the challenged conduct of the defendant; and (3) it must be likely that plaintiff's injury will be redressed by a favorable judicial decision. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992). As the party invoking federal jurisdiction, Cangelosi bears the burden of proof in establishing all three elements of standing, *id.* at 561, and he must demonstrate standing for "each claim he seeks to press." *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006).

When grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should dismiss only under the former without reaching the question of failure to state a claim. *See Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 (5th Cir. 2013). Because the Court finds that Cangelosi's claim must be dismissed under Rule 12(b)(1), it does not address the legal standard for dismissal under Rule 12(b)(6).

## III. DISCUSSION

Cangelosi does not meet his burden to show that he has Article III standing. First, Cangelosi fails to show an "injury-in-fact" because he does

5

not show any "invasion of a legally protected interest." *Lujan*, 504 U.S. at 560. Nothing in Cangelosi's conclusory complaint shows how the proclamation, which defendant cannot enforce against him, injures his privacy rights, his right to interstate travel, his liberty interest in making personal medical decisions, or his First Amendment rights. While courts are to construe *pro se* filings liberally, the Court must not "invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th Cir. 2009).

For example, Cangelosi does not show how the mask order invades his privacy rights. Relevant to Cangelosi's claim, "[t]he right to privacy extends only to intimate decisions, usually connected with the family . . . ." *Plante v. Gonzalez*, 575 F.2d 1119, 1123 (5th Cir. 1978); *see also Obergefell v. Hodges*, 576 U.S. 644, 666 (2015) (construing marital rights as a privacy right)*; Roe v. Wade*, 410 U.S. 113, 727 (1973) (construing the constitutional right to abortion as a privacy right); *Griswold v. Connecticut*, 381 U.S. 479, 485 (1965) (construing the constitutional right to contraceptives as a privacy right). Cangelosi cites no authority, nor does he set out any facts, to suggest that the constitutional right to privacy is invaded by defendant's proclamation, which cannot be enforced against him.

Relatedly, Cangelosi does not show how the proclamation forces unwanted medical treatment upon him. "[A] competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment . . . ." *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 278 (1990); *see also Jacobson v. Massachusetts*, 197 U.S. 11, 24-30 (1905) (upholding a compulsory vaccination law but recognizing a liberty interest in personal medical decisions). Even if wearing a mask constitutes a "medical treatment," Cangelosi is free to refuse that treatment, as he has done on several occasions.[20] *Cruzan*, 497 U.S. at 278. In addition, Cangelosi and Sheng agree that because Cangelosi has a medical condition, he is not required to wear a mask *at all*.[21] Accordingly, Cangelosi fails to show how the proclamation invades his right to refuse unwanted medical treatment.

The same goes for Cangelosi's right to travel. The constitutional right to travel "protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Jaramillo v. City of McAllen*, 306 F. App'x

---

[20]   *See* R. Doc. 25 at 6.
[21]   *See id.*; R. Doc. 28 at 8.

7

140, 143 (5th Cir. 2009) (quoting *Saenz v. Roe*, 526 U.S. 489, 500 (1999). Nowhere does Cangelosi argue that the proclamation disrupts his right to interstate travel. Consequently, the Court finds there has been no injury to Cangelosi's right to travel.

Finally, Cangelosi's complaint does not show how the proclamation impinges on his First Amendment rights.[22] As to his freedom of expression claim,[23] Cangelosi contradicts himself. If anything, Cangelosi has engaged in his chosen form of protest—appearing in public without a mask—on multiple occasions, and he has done so without being subjected to government reprisal. *See Manhattan Community Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 ("[T]he Free Speech Clause prohibits only *governmental* abridgment of speech."); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 298 (2014) (holding that even in the pre-enforcement context, there must be a "credible threat of prosecution" for an injury-in-fact to exist). As to his freedom of assembly claim, Cangelosi does not name a single instance in which he has attempted to assemble or associate with other people "for the purpose of engaging in protected speech or religious activities." *Bd. of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S.

---

[22]  See R. Doc. 1 at 5.
[23]  See R. Doc. 1 at 5.

537, 544 (1987). As such, this purported injury is not "actual" or "imminent." *See Lujan*, 504 U.S. at 560 (holding that plaintiffs could not show injury-in-fact because they had no "concrete plans" to visit the destinations of which they complained). In sum, Cangelosi's conclusory complaint and briefing fail to show how the proclamation, under which he is not required to wear a mask, invades any of his constitutional rights.

In addition, Cangelosi fails to show causation. To show causation, a plaintiff must demonstrate that the injury is "fairly traceable to the challenged action of the *defendant*." *Lujan*, 504 U.S. at 560 (emphasis added). Cangelosi claims he is injured because private businesses and individuals, unnamed in this lawsuit, have refused to serve him or otherwise "harassed" him by asking him to leave public places when he does not wear a mask.[24] The U.S. Supreme Court has made clear that "[w]hen . . . a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of *someone else*[,]" causation is substantially more difficult to establish. *Id.* at 562. The plaintiff must show that the government's actions produce a "determinative or coercive effect upon the action" upon the regulated entity. *Inclusive Communities Project, Inc. v. Dept. of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019). In other words,

---

[24] R. Doc. 25 at 5-6

9

the injuries must not be "'the result of the independent action of some third party not before the court.'" *Id.* (quoting *Bennett v. Spear*, 520 U.S. 154, 169 (1997)).

Cangelosi complains of private conduct that is not fairly traceable to the defendant. First nothing in the proclamation requires businesses or private individuals to "harass" or "humiliate" Cangelosi if he does not wear a mask.[25] Second, Cangelosi indicates that he qualifies for the proclamation's medical exemption. To the extent that private businesses flout the medical exemption, or choose to exclude *all* individuals who do not wear masks, notwithstanding the medical exemption, this behavior is not "fairly traceable" to the defendant. Rather, the behavior Cangelosi complains of is "'the result of the independent action of some third party not before the court.'" *Id.* (quoting *Bennett*, 520 U.S. at 169 (1997)).

Third and finally, Cangelosi fails to show redressability. Cangelosi must show that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976). An injury is redressable when the relief sought would either "cure" or "lessen" plaintiff's injury. *Inclusive Communities Project*, 946

---

[25] R. Doc. 16.

10

F.3d at 655. Here, Cangelosi's purported injuries are not redressable by the declaratory and injunctive relief he seeks because Governor John Bel Edwards's similar state-wide proclamation remains in effect.[26] Cangelosi remains subject to a very similar mask order to the one he challenges here. Additionally, Cangelosi fails to show that it is "likely" that private businesses would stop requiring individuals to wear masks in light of the ongoing COVID-19 pandemic without the proclamation.

Even if Cangelosi had standing, which he does not, he does not address the Fifth Circuit's recent decision in *In re Abbott*, 954 F.3d 772 (5th Cir. 2020). There, the Fifth Circuit made clear that during a public health crisis, "constitutional rights may be reasonably restricted 'as the safety of the general public may demand.'" *Id.* at 778 (quoting *Jacobson*, 197 U.S. at 29). Under *Jacobson* and *In re Abbott*, the state may "restrict, for example, one's right to peaceably assemble, to publicly worship, to travel and even to leave one's home" during a health crisis. *Id.* Cangelosi does not indicate how he would overcome the greater deference courts are to extend to the State in the face of an ongoing public health crisis.

Because plaintiff fails to meet his burden to show jurisdiction in this case, the Court dismisses it under Federal Rule of Civil Procedure 12(b)(1).

---

[26]    R. Doc. 1-1 at 3.

Having dismissed all federal claims that would give rise to original jurisdiction, the Court also declines to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367; *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) (noting that district courts have "wide discretion" to decline to exercise supplemental jurisdiction over state law claims once all federal claims have been dismissed).

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED and Cangelosi's claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __8th__ day of October, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE